FILED

Fee
Paid

2008 DEC 29  AM 11: 33

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Jin Rie
East West Institute
401 N. Bixel St.
Los Angeles, CA 90026

Plaintiff in pro per

(213) 482-1804

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV08- 08561 SVW (JCx)

| | |
|---|---|
| JIN RIE, an individual dba EAST WEST INSTITUTE | ) Case No.: ~~CV-08-4774~~ |
| | ) |
| | ) COMPLAINT for: |
| Plaintiff, | ) |
| | ) 1. FRAUD AND DECEIT |
| vs. | ) 2. PERJURY |
| | ) 3. NEGLIGENT MISREPRESENTATION |
| RON S. GALPERIN, an individual dba LAW | ) 4. DEFAMATION |
| OFFICES OF RON S. GALPERIN; MARK | ) |
| WALTER, an individual; CORY CROSBY, an | ) |
| individual; and DOES 1-10, inclusive. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Plaintiffs JIN RIE, an individual dba EAST WEST INSTITUTE alleges as follows:

**FACTS COMMON TO ALL CAUSES OF ACTION**

**I. THE PARTIES**

1.  Plaintiff JIN RIE (hereinafter "Plaintiff" or "Rie") is an individual, over the age of eighteen, and a resident of the County of Los Angeles, State of California.

COMPLAINT - 1

```
12/29/2008 11:35:35 AM  Receipt #: 114312
            Cashier : DBAYSA [LA 1-1]
Paid by: EAST WEST INSTITUTE
2:CV08-08561
2009-086900          5 - Civil Filing Fee(1)
Amount :                        $60.00
2:CV08-08561
2009-510000         11 - Special Fund F/F(1)
Amount :                       $190.00
2:CV08-08561
2009-086400          Filing Fee - Special(1)
Amount :                       $100.00
Check Payment : 9760 /
                               350.00
```

2.  Plaintiff is informed and believes that defendant RON S. GALPERIN is an individual doing business as LAW OFFICES OF RON S. GALPERIN (hereinafter collectively "Galperin"), and an attorney licensed to practice law in the State of California, whose principal place of business was and is located in the State of California, County of Los Angeles.

3.  Plaintiff is informed and believes that defendant MARK WALTER, an individual (hereinafter "Walter") is an individual, whose principal place of business was and is located in the State of California, County of Los Angeles.

4.  Plaintiff is informed and believes that defendant CORY CROSBY, an individual (hereinafter "Crosby") is an individual, whose principal place of business was and is located in the State of California, County of Los Angeles.

5.  Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10 inclusive, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of said DOE defendants is in some manner responsible for the damages, breaches, and tortious acts alleged and claimed herein, are agents, employers, employees, assigns, assignees, contractors, superiors or otherwise related to each other defendant or other individuals who may be liable to plaintiff, and when the true names, identities and capacities of said defendants are ascertained, plaintiff will amend this complaint to allege the same.

6.  Plaintiff alleges on information and belief that each of the defendants herein, at all relevant times herein were and/or are the agents, employees, or representatives of each of the other defendants, and at all times mentioned in this complaint, were acting within the scope of such agency, employment or representative capacity.

## II. NOTICE OF RELATED CASE AND SOME OF THE KEY POINTS THEREOF

7.  This case is related to Rie v. State of California, CV-07-4582 CAS (CWx) (hereinafter, "Forgery Case" or "the underlying case"), which has its own related cases again.

8.  Some of the key points of the underlying case are as follows.

9.  The underlying Forgery Case has very critical key points, which happened after August 8, 2005, except the last derived one. Hence, these cannot be included in any other

C

previous actions. These are even more serious and more tortious than those which occurred before August 8, 2005.

10. The most critical key point is related to the forgery in the Exhibit 1 of the complaint. During the proceeding of a federal case, Rosen made the serious criminal forgery and he forged his own letter and also he perjured afterwards in an attempt to support that forgery indicating Rosen served some cover letter in January of 1999 together with the 2966 notice, whereas he actually typed and printed out from his printer in September of 2007. Thus, in that forgery, Rosen backdated more than 7 1/2 years. Amazing!

11. Galperin was involved with this forgery. That forgery was caused by the so-called ambiguous expression, which Galperin had refused to clarify or correct it until filing the underlying case.

12. The second key point in the underlying case is that there was continuous and even more serious triangle conspiracy among Hiroshige (Ernest Hiroshige), Rosen (Alan Rosen) and Galperin. According to the complaint, there has been conspiracy between Hiroshige and Rosen; there has been also conspiracy between Rosen and Galperin. And even if there has been no direct contact or direct conspiracy between Hiroshige and Galperin, Galperin was indirectly involved in this triangle conspiracy.

13. In the case of BC275364/BC290904 ("Rosen/Galperin Case" or "RG Case"), Hiroshige made fraud in his declaration according to the complaint. Then, with a very strong obvious conflict of interest, Hiroshige refused self-recusal and he took charge of RG Case together with triangle conspiracy. It was very serious torts against a heroic litigant.

14. The third key point is wangtta abuse and wangtta conspiracy by the judicial officers of LASC usually by abusing vexatious litigant state laws unconstitutionally. What is wangtta? "Wangtta" in Korean or "ijime" in Japanese come from Japan and Korea. It is originated from alienation of one specific pupil by many class pupils and most of other pupils ignore or harass or abuse mentally and physically a single specific pupil usually in elementary or secondary schools. And some of the victims of wangtta try not to go to school or sometimes commit suicides or sometimes inflict terrors against the wangtta offenders. This is a very serious social problem in

1  Japan and Korea. And in the event of wangtta abuse, not only the pupil offenders but also the

2  teacher and principal and the school are also liable.

3       15. Wangtta by judicial officers is a very serious tort against people of the United States.

4  Wangtta phenomenon or wangtta abuse or wangtta conspiracy and the vexatious litigant orders

5  from wangtta abuse are very serious torts of the governmental defendants in the underlying case.

6  And this wangtta abuse has been happening in LASC now against one litigant actually against a

7  heroic litigant, who has been declared as a vexatious litigant through their wangtta conspiracy.

8  In this way, wangtta abuse is related to vexatious litigant. One of the reasons for this wangtta

9  abuse related to conflict of interest and the associated bias and prejudice is because a heroic

10  litigant has resisted against anti-facts and challenges the authoritative anti-factual rulings and

11  judgments and opinions of the judicial officers.

12       16. The fourth key point is that state laws or judicial operation of the state laws are

13  unconstitutional or not sufficiently constitutional. And the once defaulting defendant Galperin is

14  involved in this issue of unconstitutionality.

15       17. The fifth key point, which is a derived key point, is that these key points are so

16  serious and so critical that the underlying Forgery Case can retrospectively justify the issues in

17  the previous cases.

18       18. All of these key points were caused by Galperin. In other words, if Galperin had not

19  made those kinds of faults and ambiguity or if Galperin did not intentionally continue to conceal

20  his own faults and ambiguity, these key points would have not happened.

21

22  **III. BACKGROUND FACTS**

23       19. Plaintiff was served personally very thick packages of the motions from Galperin's

24  attorney as over-night express abruptly on the holiday, November 12, 2007. when Plaintiff wan

25  still diligently preparing the default package, which would be filed concurrently with the

26  oppositions, on the next day, November 13, 2007, in the underlying case. After receiving their

27  package, Plaintiff must re-plan his whole default package again according to that new

28  information in those two motions. Because of those two motions. Plaintiff needed to adjust and

1     modify significantly the default package.

2        20. At this time after receiving Galperin's thick package, Plaintiff decided to prepare two
3 different default judgments: one for the factual issues only and another for factual issues and
4 damages together.

5        21. When Plaintiff read the motions and declarations, Plaintiff felt deplorable, despicable,
6 pathetic, and pitiful to defaulting defendant Galperin, who is still struggling with something
7 without performing his simple professional duty and fiduciary duty by just signing in Request for
8 Admission to clarify or correct his own previous faults and ambiguity, is now making additional
9 perjuries and misrepresentations in the two motions.

10        22. One in 2005, one in 2006, and one in 2007 (the underlying case), Plaintiff had
11 complaint and summon be served to Galperin 3 times in three different cases at the same address
12 and to the same person, Mark Walter.

13        23. The first one was about in August of 2005, when Plaintiff had Jung Rie, his second
14 son, serve summon and complaint in case of Federal Version of Civil Right Case, CV 05-05760.

15        24. And about in April of 2006, Plaintiff had also Julie Hwang, one of Plaintiff's
16 employees at that time, serve summon and complaint again in case of State Version of Civil
17 Right Case, BC349526.

18        25. And for the third time in 2007, as seen in Exhibit 2, about in August of 2007, Plaintiff
19 used professional process serving company, Crosby Small Claims Service. The process server at
20 this time was Cory Crosby, whereas the most usual process server for Plaintiff and his company
21 was Robert Crosby in the same company. Based on this proof of service, Plaintiff got the entry
22 of default against Galperin dated October 5, 2007 as seen in Exhibit 3.

23        26. It is very interesting common fact that every time in each year, the receiver/
24 authorized agent of the document service is Mark Walter, who has always said he is the
25 authorized agent or he is in charge of documents for Galperin.

26        27. And another common fact is that as far as Plaintiff knows, Mark Walter always said
27 including the first three times was, "Galperin is not here now." These representations are
28 repeated each year, in 2005, in 2006, and in 2007.

28. In the first experience at the same address, which was 2005, Plaintiff accompanied Jung Rie, the server, his second son, and Plaintiff saw and heard from Mark Walter directly together with Jung what Mark Walter said and Plaintiff still remember that Mark Walter said, "Galperin is not here now, and I am in charge of receiving documents and I will take the documents for Galperin." Plaintiff does not remember whether Mark Walter used the exact phrase, "authorized agent" or not. But Plaintiff remembers Walter implied he was "authorized agent". Hence, Jung gave the documents to Mark Walter while Plaintiff was watching.

29. In 2006, Julie Hwang served the documents, and she reported to Plaintiff that Mark Walter said that Galperin was not there and he was in charge of the service of the documents and he was the authorized agent of document service for all the tenants in the building.

30. Now, this was the third time in 2007, at which, Plaintiff also found the same representation of the registered process server Cory Crosby, that is, Cory visited them three times in diligence. This third event of service in 2007 had the diligence, whereas the first two times in 2005 and 2006 had no diligence, no second and third visits. The third time from the formally three visits was diligent, and then this professional process server also mailed a whole copy again two days later. Because he is a licensed professional process server by the State of California, he is highly credible.

31. Even without the three-visit diligences, Galperin filed the first appearance document served to Walter in 2005 and in 2006 on time. On the contrary, even with the three-visit diligence, Galperin failed to file the first appearance document served to the same person, Walter, in 2007 on time. It is very ironical.

32. As a conclusion, Plaintiff believe that Mark Walter takes care of all the delivered documents for each tenant in that building, and especially the legal documents including any complaints and summons are always taken care of by Walter. Plaintiff believe that he is always saying or lying, like, "Galperin is not there" to some specific persons whether the tenant is really not there or actually is there. Or he might also say he is the person in charge of the service of the documents. Therefore, Plaintiff believes by 100% that Galperin is misrepresenting in his declaration to motions about the role of Mark Walter.

33. Walter has stayed at the ground floor, whereas Galperin's office has been at the second floor. Walter was and is also a security guard, without whose permission no one could and can enter higher floors. At that time in 2005, Walter interrupted Jung and Plaintiff to go further; and Plaintiff believes it would happen to Julie Hwang in 2006 and Cory Crosby in 2007 in the same manner.

34. In his declaration, as seen in Exhibit 4, apparently and obviously, Galperin perjured that the receiver of the summon and complaint, Mark Walter, is not authorized agent. Paragraph 2 of his declaration reads, "Plaintiff understand from the Court's docket that the plaintiff in this action, Jin Rie, is contending he served Plaintiff with his complaint by leaving a copy with his "agent," Mark Walter, on August 31,2007. Mark Walter is the manager and substitute receptionist on the ground floor in the building where I have my office. He is not his actual or authorized agent for service of process." Under penalty of perjury, Galperin is perjuring and is attempting to confuse or deceive the Court as if "Mark Walter is the manager and substitute receptionist but not the authorized agent", which is likened to "Galperin is just a lawyer but not an attorney," or "Hiroshige is just a judge but not a judicial officer." The manager and substitute receptionist for the building tenants is the authorized agent for substitute service for the building tenants, one of which is Galperin.

35. In 2005 and in 2006, Galperin filed the first appearance document on time respectively, because Mark Walter is "Suite Manager for Defendant" and "Property Manager" and "Authorized Agent" and "Substitute Receptionist" for each of the building tenants. Amazing! Galperin is so dishonest perjuring lawyer (and attorney)!

36. The Galperin's and his attorney's motions and declarations show the evidence of dishonesty and low credibility of Galperin. This proves circumstantially that Galperin committed conspiracy and intentional concealment and so on previously and still continues conspiracy and intentional concealment and so on now.

37. Galperin also declare under penalty of perjury, "I further understand that Mr. Rie contends a copy of his summons and complaint was mailed to me at my office address. I regularly received mail at that address and have not experienced delays or other inconsistencies

1  with my mail service recently. Nonetheless, I never received a copy of the summons and

2  complaints in the mail from Mr. Rie of from his process server." Galperin was misrepresenting

3  that he did not receive an extra copy by mail

4       38. Also Galperin's perjury and misrepresentations has caused an additional judicial

5  malpractice in this federal court, which is another terrible story.

6       39. Why must Plaintiff also include Walter and Crosby as defendants? It is because

7  logically it is obvious that one or two of the three defendants is or are misrepresenting. For

8  example, Walter might lie to Crosby, or Crosby might misrepresent in the proof of service,

9  though Plaintiff is not preferring to think so. At least one of the three defendants is

10 misrepresenting and Plaintiff is suffering serious damages without his own fault. That is why he

11 needs to file this lawsuit.

12

13 **IV. SIGNIFICANCE OF ENTRY OF DEFAULT AGAINST GALPERIN**

14       40. Galperin became a defaulting defendant as of October 5, 2007. The implications of

15 this entry f default are that all the allegations about Galperin in the complaint deem to be true.

16 Also, every cause of action against Galperin is also true.

17       41. Galperin made many faults but Plaintiff points out two major faults.

18       42. The first one is that in 2000, Galperin made an ambiguous expression, which

19 confused and mislead many people including the appellate judges. For example, Justice Daniel

20 Curry ("Curry") began to allege that Exhibit H was served to Jin Rie in January 1999. This is

21 false in fact. Even if other Defendants made greater faults than those made by Galperin, if

22 Galperin had not made this ambiguous expression, Plaintiff would have prevailed in Rosen Case

23 very easily at least in Appellate level. It is very clear that Rosen violated the law. Then,

24 Galperin Case would not have had to be created at all. Also, Curry would not have had to make

25 the erroneous anti-factual statement through the opinion of Galperin Case and Rosen Case.

26       43. Galperin's second major fault is even more serious and even more unconscionable.

27 He refused to clarify or admit the admission request from February of 2005. Because of that fault,

28 additional serious damages have been created. If Galperin had made rightful responses to that

Plaintiff's request for admission, he would have had chance to correct his own faults and clarify the ambiguous expression earlier. However, Defendant Galperin continued to refuse correct or clarify those his previous faults and this kind of refusal and intentional concealment are even more serious and are even greater faults.

44. Now in an indirect way, the discovery of Galperin is performed through this entry of default. This can have the same effect as the direct discovery.

45. Plaintiff in his Complaint stated many claims against the Defendant, which accompanied enough facts and evidence. Some of the direct effects of this default on the allegation on facts are as follows. (1) Each claim in the 3rd, 4th, 5th, 6th, 7th, 8th, and 17th causes of action in the complaint against Galperin in the underlying case is valid. (2) The request for admission is admitted as positive as is. Instead of Galperin, Plaintiff filled out the admission and he signed as proxy as seen in Exhibit 5. The admission is effective. In other words, each paragraph in "Jin Ric's Request for Admission to Ron Galperin" is true in fact. (3) The continuous refusal of the admission since February of 2005 by Galperin is wrongful. It means Galperin was supposed to admit those items as early as possible. But now, it is admitted indirectly in the form of default of entry and in Exhibit 1 of this document. (4) Each paragraph in "Some of Factual Confirmations in Default Judgment against Defendant Ron S. Galperin" in Exhibit 6 is true in fact from Paragraph 121 and 17th cause of action of the complaint.

46. The above Exhibit 5 and Exhibit 6 correspond to Exhibit 1 and Exhibit 2 of NOTICE OF APPLICATION AND APPLICATION FOR ENTRY OF DEFAULT JUDGMENT filed on November 19, 2007 in the underlying case.

47. The implication of Exhibit 6 as well as Exhibit 5 is very significant and it can start to prove the triangle conspiracy among Hiroshige-Rosen-Galperin as seen in Exhibit 6, especially the last three paragraphs thereof. Hence, this instant case should be handled in this Federal Court as Plaintiff wishes so.

48. However, 4 days later from filing the above document, Plaintiff received an order from the district court, though the date of that order was dated November 19, 2007 but stamped November 21, 2007 and received November 23, 2007. Apparently, Galperin again successfully

deceived a judge by his fraud and deceit.

49. The difference between the entry of default against Galperin and Galperin's additional deceit and/or Walter's or Crosby's faults is big different as analyzed until now. The deceit is significantly prejudicial to Plaintiff. Therefore, at least one of the three defendants must compensate to the victim, Plaintiff.

50. Now, how long further will Galperin's unconscionable fraud and false representation and fraudulent concealment continue? How can we thwart it?

## V. CIVIL RIGHT FOR JURY TRIAL

51. As one of the people of the United States, Rie is entitled to have jury trial. The critical factual issues shall be decided by the jurors so that his civil right shall not be deprived.

52. As analyzed until now, the factual issues shall be evaluated and adjudged by jury trial. For example, whether or not Walter is an authorized agent for receiving documents for Galperin, and whether or not Crosby really made a false proof of service as alleged by the district court in Forgery Case even though he is a registered process server in the State of California, and whether or not Galperin is really making fraud and deceit to the court and against Plaintiff with very strong incentive for fraud, and so on shall be valuated by the jurors but not by Judge Snyder.

53. And if, in fact, Rosen committed the forgery in September of 2006 in a federal proceeding, and/or Galperin made misrepresentation about Mark Walter in another federal proceeding, and/or Walter made lie and/or Crosby made false proof of service in a federal proceeding,, it is obvious that this instant case shall be handled in the federal court as a separate case.

## VI. THE GROUNDS UPON WHICH THIS FEDERAL DISTRICT COURT DEPENDS
### A. THE GROUND IN THIS INSTANT CASE BY ITSELF

54. Forgery or perjury or false declaration or any torts before federal court and/or during the federal proceedings by parties or attorneys shall be handled by federal court again.

55. As Rosen committed forgery before federal court and during the federal proceedings

1  in the Civil Right Case, Galperin or Crosby also committed false declaration before federal court

2  and during the federal proceedings in Forgery Case. As described in Common Facts, Galperin

3  committed false declaration as seen in Exhibit 4 as Plaintiff Rie believes so, or Crosby

4  committed false proof of service as seen in Exhibit 2 as Federal Judge Snyder believed so. The

5  above false declaration or perjury either by Galperin or by Crosby is a federal crime or tort

6  pursuant to *18 USCS 1623* or the corresponding civil code. And pursuant to *18 USCS 3231*, the

7  district courts of the United States shall handle this instant case. *18 USCS 3231* states. "The

8  district courts of the United States shall have original jurisdiction, exclusive of the courts of the

9  States, of all offenses against the laws of the United States. Nothing in this title shall be held to

10  take away or impair the jurisdiction of the courts of the several States under the laws thereof."

11  56. During a federal proceeding in a federal case, if an opposing party or attorney or self-

12  representing party (e.g., Galperin) made false declaration (whether previously called intrinsic or

13  extrinsic), misrepresentation, the relevant party (e.g., Rie) has the Grounds for Relief from a

14  Final Judgment, Order, or Proceeding. And on motion and just terms, the court may relieve a

15  party or its legal representative from a final judgment, order, or proceeding. (*Rule 60 (Relief*

16  *from a Judgment or Order) of Federal Rules Civil Procedure.*) In addition, if the opposing self-

17  representing party (e.g., Galperin) made fraud or forgery or perjury during a federal proceeding

18  in a federal case, the federal court shall impose sanction against that opposing party. (Implied by

19  *Rule 11 (Signing Pleadings, Motions, and Other Papers; Representations to the Court;*

20  *Sanctions) of Federal Rules Civil Procedure.*) In addition, the relevant self-representing party

21  (e.g., Rie) can have option to file another federal lawsuit against the opposing party to find the

22  true facts through jury trial. *Rule 38 (Right to a Jury Trial; Demand) of Federal Rules of Civil*

23  *Procedure,* "The right of trial by jury as declared by the Seventh Amendment to the Constitution

24  — or as provided by a federal statute — is preserved to the parties inviolate."

25  57. *28 USCS 1361* (Action to compel an officer of the United States to perform his duty)

26  states, "The district courts shall have original jurisdiction of any action in the nature of

27  mandamus to compel an officer or employee of the United States or any agency thereof to

28  perform a duty owed to the plaintiff." In this instant case, the judicial officer and the court of the

1  United States have the duty to find who committed the false declaration before federal court and

2  how and why it was committed through careful and thorough legal process not through rule of

3  thumb. In other words, this federal court has the jurisdiction over this instant case.

4      58. Plaintiff shows an additional indirect ground for the federal jurisdiction of this instant

5  case. *28 USCS § 1339* states, "The district courts shall have original jurisdiction of any civil

6  action arising under any Act of Congress relating to the postal service." The reason why federal

7  court has the jurisdiction over postal service is that it is federal facilities. In the same logic, if

8  something wrongdoing happens in federal proceedings, it shall be handled in federal court again.

9      59. Plaintiff has one more very important ground why this instant case shall be handled in

10  this Federal Court not in the state court. To refuse to accept this case in the federal court but to

11  suggest to file it with the state court is to deprive the civil rights of Plaintiff for due process and

12  fair proceedings and fair trial without risk of conspiracy including wangtta conspiracy and

13  without conflict of interest and bias. This is against Fourteenth Amendment and *42 USCS 1983*

14  and so on.

15      60. Still the simplest and most conscionable way for Galperin to take is simply to admit

16  his previous faults or ambiguities as seen in Exhibit 5. In other words, for example, still the

17  simplest and most conscionable way for Galperin to take is simply to admit the ambiguous

18  expression, "Although the Notice Pursuant to Civil Code 2966 was required at the time the note

19  became due in 1993, it was not until January 7, 1999 that Defendant Tursugian served the required

20  Notice...", needs to be clarified or corrected to "The Notice Pursuant to Civil Code 2966 was

21  required at the time the note became due in 1993. But, in fact, Tursugian served the Notice

22  Pursuant to Civil Code 2966 on April 14, 1999, which is not before the backdated January 7, 1999;

23  and thus it is false that Rie received the Notice on January 7, 1999." However, Galperin will still

24  struggle to deprive the civil right of Plaintiff to have this instant case tried fairly in this federal

25  court while expecting further unfair and biased state proceedings. This Galperin's ulterior

26  sinister plot should be thwarted at this time in the federal court and the true facts should be

27  revealed from underground.

28      61. Therefore, this instant case shall be handled in this federal court by itself even

1   regardless of the underlying case.

2

3   **B. THE GROUND IN INTERACTION WITH THE UNDERLYING CASE**

4       62. Because the underlying case will be or should be handled in this federal court, this

5   instant derived case also should be handled in this federal court regardless of the above

6   discussion in Sub-part A. In addition, because Galperin committed false declaration before

7   federal court and thus the entry of default against Galperin should be restored, the underlying

8   case will be and should be handled in this federal court again. In other words, the underlying

9   case shall be tried in this federal court because of this instant case as well as this instant case

10  shall be tried in this federal court because of the underlying case. This is a mutual interactive

11  effect.

12      63. As stated in Part IV, Galperin became a defaulting defendant as of October 5, 2007.

13  The implications of this entry of default are that all the allegations and all the facts about

14  Galperin in the complaint deem to be true. Also, every cause of action against Galperin is also

15  true. In addition, Galperin committed additional tort during federal proceeding, which is a

16  meritorious circumstantial evidence that Galperin is involved with conspiracy to infringe the

17  civil rights of Plaintiff guaranteed in *42 USCS 1983, 42 USCS 1343*, etc.

18      64. As stated in Part IV, Galperin made many faults including two major faults. Then,

19  through the restoration of the defaulting status in the underlying case, (1) Galperin's admission is

20  implied as seen in Exhibit 5, which means the ambiguous expression, "Although the Notice

21  Pursuant to <u>Civil Code</u> 2966 was required at the time the note became due in 1993, it was not until

22  January 7, 1999 that Defendant Tursugian served the required Notice…" needs to be clarified or

23  corrected to "The Notice Pursuant to <u>Civil Code</u> 2966 was required at the time the note became due

24  in 1993. But, in fact, Tursugian served the Notice Pursuant to <u>Civil Code</u> 2966 on April 14, 1999,

25  which is not before the backdated January 7, 1999; and thus it is false that Rie received the Notice

26  on January 7, 1999;" and (2) an evidence of the triangle conspiracy was shown and demonstrate

27  the necessity of the discovery of their conspiracy.

28      65. Therefore, this instant case as well as underlying case shall be handled in this federal

C

court not only by itself respectively but also by mutual interaction.

## VII. DISCUSSION ON DAMAGES

66. Plaintiff has been seriously and significantly stressful and urgent to finish up all the oppositions and default package concurrently to file on November 19, 2007 in the underlying case. And Plaintiff paid legal advisor fee of about $6000. And Plaintiff spent so many hours and made so much effort for the legal documents including default package on time in the stress and urgent oppression. In addition, Plaintiff suffered serious emotional distress including indignation and anxiety[1] upon the perjury and misrepresentations in Galperin's motions and declaration

67. Even if the area size of the damage amount is not big in the papers, Plaintiff spent a lot of hours for search and research and information collection. etc. and stress for the estimation or calculation of those dollar amounts.

68. The cost of the documents can be estimated based on the produced documents themselves. His estimation of the cost is $18,000 including legal advisor fee and his own efforts and hours (at least 120 hours).

69. Because the default judgment on factual issues is delayed at that time, Plaintiff continues to hurt seriously and it will be seriously prejudicial to him. As also seen in Part III of NOTICE OF APPLICATION AND APPLICATION FOR ENTRY OF DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES dated about November 19, 2007, based on the true facts (not based on untrue anti-facts any more), the default judgment on factual issues only could release Rie in the wrongful quasi-prison of civil version of conviction and in the wrongful curse of vexatious litigant orders in one case after another. This partial default judgment would have helped governmental Defendants in Forgery Case to discontinue their judicial malpractices, etc.

70. However, it is still being delayed with the risk of a permanent concealment of true facts underground. In addition, the torts of Galperin including the perjury and

---

[1] Galperin's perjury and misrepresentation at this time together with his legal experiences for the last about 8 years regarding the frauds and perjuries of the other parties and attorneys inflicted Plaintiff with more anxiety, because unbelievably his adversaries and their attorneys have been successful through their frauds and perjuries.

1   misrepresentations should be punished in the form of punitive damage. Therefore, the damage is

2   really huge.

3         71. As a direct and proximate result of the Defendants' causes of action including fraud

4   and deceit, Plaintiff has sustained and continues to sustain monetary and non-monetary damages,

5   including but not limited to:  loss of work time; emotional distress; expenditure of attorney's fees

6   and costs of litigation, all according to proof.

7

8                          **FIRST CAUSE OF ACTION**

9                              **FRAUD AND DECEIT**
                               **(against All Defendants)**
10

11        72. Plaintiff hereby incorporates Paragraphs 1 through 71 above, as though fully set forth

12  herein.

13        73. As stated in the above, at least one of the three Defendants – Galperin or Walter or

14  Crosby – made written or oral fraud in each of their written declaration or proof of service or oral

15  representation regarding the service of Complaint and Summon of Forgery Case.

16        74. At least one of the three Defendants misleads and deceived or attempted to mislead

17  and deceive the Federal Court in Forgery Case.

18        75. As a proximate result of this fraud and deceit, Plaintiff suffered in an amount to be

19  proven at trial including the damages in the last part of the above Common Facts.

20        76. Plaintiff is informed and believes and thereon alleges that such fraud and deceit were

21  wanton, oppressive, intentional, and despicable thereby warranting the award of punitive and

22  exemplary damages.

23

24                        **SECOND CAUSE OF ACTION**

25                                **PERJURY**
                               **(against All Defendants)**
26

27        77. Plaintiff hereby incorporates Paragraphs 1 through 71 above, as though fully set forth

28  herein.

78. As stated in the above, at least one of the three Defendants – Galperin or Walter or Crosby – made perjury in each of their written declaration or proof of service or oral representation regarding the service of Complaint and Summon of Forgery Case.

79. As a proximate result of this perjury, Plaintiff suffered in an amount to be proven at trial including the damages in the last part of the above Common Facts.

80. Plaintiff is informed and believes and thereon alleges that such perjury was wanton, oppressive, intentional, and despicable thereby warranting the award of punitive and exemplary damages.

## THIRD CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION
### (against All Defendants)

81. Plaintiff hereby incorporates Paragraphs 1 through 71 above, as though fully set forth herein.

82. As stated in the above, at least one of the three Defendants – Galperin or Walter or Crosby – made negligent misrepresentation in each of their written declaration or proof of service or oral representation regarding the service of Complaint and Summon of Forgery Case.

83. As a proximate result of this negligent misrepresentation, Plaintiff suffered in an amount to be proven at trial including the damages in the last part of the above Common Facts.

## FOURTH CAUSE OF ACTION

### DEFAMATION
### (against GALPERIN; and DOES 1 - 10)

84. Plaintiff hereby incorporates Paragraphs 1 through 83 above, as though fully set forth herein.

85. Defamation concept can be measured not only by positive sense but also by negative sense. If Defendants decreased the level of Plaintiff's reputation/ fame, it is a positive concept of defamation. If Defendants interrupted/ interfered with the increase of his reputation/ fame, it is a

negative concept of defamation.

86. The potentially remarkable increase of Plaintiff's reputation as an honest person and the winner as a layman against lawyers to other people including his actual and potential clients has been seriously and significantly interrupted/ discouraged/ at best delayed as of now. Everyone who knows these results of Forgery Case will think Rie is a dishonest liar.

87. Currently, one of the jobs of his business is to prepare legal translations and documentations. If he wins the cases since the courts believe he is an honest person, he can reveal the true stories as the winner against lawyers freely to his current and potential clients, which will improve his reputation and revenue a lot. But now, he is hiding it with the feeling of shame as the alleged liar, which significantly discouraged the growth of his business as well as his reputation. Moreover, one of his major businesses is publication and this business will be seriously damaged by this defamation.

88. Plaintiff already published Korea book in March of 1997 and English book in August of 2005. (This long 8-year interval was caused mainly by the Defendants of Rosen Case.) The title is "Cultural Renovation, the Start", which is the first book of the series of cultural renovation. In this circumstance, the defamation that Rie is a dishonest person who lied in Rosen Case and Galperin Case will significantly defame his reputation as the author of the books and the guide of cultural renovation and new culture. Far less people will buy the books and far less people will listened to the guide of new culture, if Plaintiff will remained as a liar in his whole life.

89. One of his concerns as the guide of the new culture is to renovate the laws and the law systems toward a better society where honesty and generosity and compassion and wisdom are encouraged and dishonesty and fraud and conspiracy and silliness are discouraged. Plaintiff Jin Rie is a very special person with the strong mission, who can think and work for the people of California and for the people of the United States as well as for himself. The book of "Cultural Renovation" will prove this.

90. Galperin's false declaration about the service of Summon and Complaint in Forgery Case and the related motions continued to defame Plaintiff by interfering the entry of default,

which can clarify the true facts and honesty of Plaintiff and restore the reputation of Plaintiff. In other words, Galperin's acts continued to delay the clarification of the true facts and honesty of Plaintiff and the restoration the reputation of Plaintiff and keep Plaintiff more in the quasi-prison of conviction and the curse of vexatious litigant orders.

91. As a proximate result of this defamation, Plaintiff suffered in an amount to be proven at trial including the damages in the last part of the above Common Facts.

## PRAYER

WHEREFORE, Plaintiff pray judgment against Defendants, and each of them, as follows:

As to All Causes of Action:

1. For general damages in an amount according to proof, plus prejudgment interest;

2. For special damages in an amount according to proof, plus prejudgment interest;

3. For costs of suit;

4. For attorney's fees and document preparation costs and opportunity costs;

5. For such other and further relief as the Court may deem just and proper;

6. Injunctive relief, which is specifically that Galperin (1) admits the falsity of his declaration in Exhibit 4; (2) agrees to the restoration of the entry of default in Exhibit 3; (3) admits Exhibit 5 though it was signed by Rie as proxy; (4) agrees to the implications of default stated in Exhibit 6.

As to the First, and Second Causes of Action:

7. For exemplary and punitive damages according to proof.

DATED: July 21, 2008

_____

Jin Rie, Plaintiff in pro per

# EXHIBIT 1

ROSEN AND LOEB
ATTORNEYS AT LAW
15233 VENTURA BOULEVARD
SUITE 410
SHERMAN OAKS, CALIFORNIA 91403-2201

ALAN L. ROSEN
STEVEN S. LOEB
OF COUNSEL
ALAN M. FIELOS

(818) 783-6473
FAX (818) 783-8745

January 7, 1999

JIN RIE and CHEON RIE
110 No. Berendo #1
Los Angeles CA  90004

Dear Mr. and Mrs. Rie:

Enclosed please find a notice, which is required by law to be given to you.

Please make arrangements to pay off the balance of this loan as soon as possible, but in no event later than April 15, 1999.  Should you have any questions, please feel free to call me.

Very truly yours,

ALAN L. ROSEN

ALR/lc
encl.
cc: Client

**EXHIBIT 2**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jin Rie, An Individual dba East West Institute<br><br>Plaintiff(s)<br><br>v.<br><br>Ron S. Galperin, An Individual dba Law Offices of Ron S. Galperin<br><br>Defendant(s) | **CASE NUMBER:** CV07-4582-CASC (CWX)<br><br>**PROOF OF SERVICE**<br>**SUMMONS AND COMPLAINT**<br>(Use separate proof of service for each person/party served) |

1.  At the time of service I was at least 18 years of age and not a party to this action and **I served** copies of the *(specify documents)*:

    a.  [x] summons  [x] complaint  [ ] alias summons  [ ] first amended complaint
    [ ] second amended complaint
    [ ] third amended complaint

    [x] other *(specify)*: Jin Rie's Request for Admission to Ron Galperin

2.  **Person served:**

    a.  [x] Defendant *(name)*: Ron S. Galperin, An Individual dba Law Offices of Ron
    b.  [x] Other *(specify name and title or relationship to the party/business named)*: Mark Walter, Authorized Agent
    c.  [x] Address where papers were served: 499 North Canon Drive, Suite #208, Beverly Hills, CA 9210

3.  **Manner of Service** in compliance with *(the appropriate box must be checked)*:

    a.  [ ] Federal Rules of Civil Procedure
    b.  [x] California Code of Civil Procedure

4.  **I served** the person named in Item 2:

    a.  [ ] **By Personal service.** By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

        1.  [ ] **Papers were served on** *(date)*:_____ at *(time)*:_____

    b.  [x] **By Substituted service.** By leaving copies:

        1.  [ ] **(home)** at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.

        2.  [x] **(business)** or a person apparently in charge of the office of place of business, at least 18 years of age, who was informed of the general nature of the papers.

        3.  [x] **Papers were served on** *(date)*: 8/31/07 at *(time)*: 11:00AM

        4.  [x] **by mailing** *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).

        5.  [x] **papers were mailed on** (date): 8/31/07

        6.  [ ] **due diligence.** I made at least three (3) attempts to personally serve the defendant.

---

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

CV-1 (04/01)                                                                                                    PAGE 1

c. ☐ **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender. **(Attach completed Waiver of Service of Summons and Complaint).**

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h)) (C.C.P. 416.10)** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity. (C.C.P. 415.20 only)** By leaving during usual office hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies to the persons at the place where the copies were left in full compliance with C.C.P. 415.20. Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service).**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f).

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h. ☐ **Other** (specify code section and type of service):

5. Service upon the **United States, and Its Agencies, Corporations or Officers.**

a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

Name of person served:

Title of person served:

Date and time of service:  *(date):* _____ at *(time):* _____

b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving *(name, address and telephone number)*:

Cory Crosby 909-623-5237
265 West Foothill Blvd. #I-102
San Dimas, CA 91773
Registered in San Bernardino County
No. 325

a. Fee for service: $ 70.00

b. ☐  Not a registered California process server

c. ☐  Exempt from registration under B&P 22350(b)

d. ☒  Registered California process server

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 9/4/07

_____
*(Signature)*

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

# Certificate of Diligence

Case #: <u>CV07-4582-CASC (CWX)</u>

<u>Jin Rie, An Individual</u>
<u>dba East West Institute</u> V. <u>Ron S. Galperin, An Individual dba</u>
<u>Law Offices of Ron S. Galperin</u>

I declare the following attempts were made to effect service by personal delivery on:

<u>Ron S. Galperin, An</u>
<u>Individual dba Law</u>       at <u>499 North Canon Drive, Suite #208</u>
<u>Offices of Ron S.</u>
<u>Galperin</u>                       <u>Beverly Hills, CA 90210</u>

1) On 8/24/07-10 (AM) PM   H/A   (B/A)      D
   we were unable to make personal service due to reason _____

2) On 8/37/07- 2  AM (PM)   H/A   (B/A)      D
   we were unable to make personal service due to reason _____

3) On 8/29/07--5  AM (PM)   H/A   (B/A)      D
   we were unable to make personal service due to reason _____

4) On          AM PM   H/A   B/A
   we were unable to make personal service due to reason _____

5) On          AM PM   H/A   B/A
   we were unable to make personal service due to reason _____

6) On          AM PM   H/A   B/A
   we were unable to make personal service due to reason _____

<u>Code Definitions</u>
A  Subject(s) was not at home.
B  No one was at home was at this time.
C  Subject moved: left no forwarding address.
D  Subject was not in at B/A at this time.
E  Subject cannot be called off the job due to company policy.
F  Unknown at given address.

   <u>x</u> No current H/A available ___ No current B/A available

Executed on <u>9/4/07</u>          at <u>San Dimas</u>          , California.

Substitute service made on <u>Mark Walter, Authorized Agent</u>          .
I declare under penalty of perjury that the foregoing is true and correct.

Registered <u>San Bernardino</u>     county, number <u>325</u>   .

signed _____ (declarant)
        Cory Crosby

* Substitute service executed under provisions of CCP. 415.20 (a) & (b).

**EXHIBIT 3**



SEND

FILED
CLERK US DISTRICT COURT

OCT - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIN RIE, an individual dba East West Institute | **CASE NUMBER** |
| | CV 07-04582 CAS (CWx) |
| PLAINTIFF(S) | |
| v. | |
| STATE OF CALIFORNIA, a government, et al. | **DEFAULT BY CLERK**<br>**F.R.Civ.P. 55(a)** |
| DEFENDANT(S). | |

It appearing from the records in the above-entitled action that summons has been served upon the defendant(s) named below, and it further appearing from the affidavit of counsel for Plaintiff, and other evidence as required by F.R.Civ.P. 55(a), that each of the below defendants have failed to plead or otherwise defend in said action as directed in said Summons and as provided in the Federal Rules of Civil Procedure:

Now, therefore, on request of counsel, the DEFAULT of each of the following named defendant(s) is hereby entered:

Ron S. Galperin, an individual dba Law Offices
_____

of Ron S. Galperin
_____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____


Clerk, U. S. District Court

_Graes/_

By /G. Kami
   Deputy Clerk

DOCKETED ON CM

OCT - 8 2007

BY _____ 022

10/5/2007
_____
Date

CV-37 (10/01)         DEFAULT BY CLERK F.R.Civ.P. 55(a)

# EXHIBIT 4

**EXHIBIT 5**

Jin Rie's Request for Admission to Ron Galperin

Propounding person: Jin Rie
Responding person: Ron Galperin

1. Admit that you were the retained attorney of record for Case No. BC223268 (hereinafter, "the said case") and for Case No. 99U23530 in 1999 – 2000.

2. Admit that you have never heard from Jin Rie or Cheon Rie or anyone else before filing the complaint of the said case (hereinafter, "the said complaint") in January of 2000 that Jin Rie or Cheon Rie was or were served the notice of balloon payment pursuant to Civil Code 2966 (hereinafter, "Notice") in January of 1999.

3. This is regarding Exhibit H of the said complaint (hereinafter, "Exhibit H"). Admit that you have heard from Jin Rie that Exhibit H was served to him in April of 1999 with a letter dated April of 1999 but not in January of 1999. (For your convenience, the copy of Exhibit H is attached here.)

4. Admit that you have never heard from Jin Rie or Cheon Rie or anyone else before filing the said complaint in January of 2000 that Jin Rie or Cheon Rie was or were served Exhibit H or Notice in January of 1999.

5. Admit that you have heard from Jin Rie before filing the said complaint in January of 2000 that he was served Exhibit H or Notice in April of 1999 but not in January of 1999 even though Exhibit H is dated January of 1999.

6. This is regarding the document prepared by Jin Rie titled, "Revised Version of Defects (November 5, 1999)" (hereinafter, "Rie's document"), which is also listed in Clerk's Transcript at Pages 00081-00087 of Case No. BC290904. Admit that you received this Rie's document in about November of 1999. (For your convenience, the copy of Rie's document is attached here.)

7. Admit that you read Rie's document before filing the said complaint.

8. Admit that you read the following paragraphs in Rie's document before filing the said complaint.

> From the very beginning of this whole procedure (it was supposed to be early January of 1999), Mr. Rosen was involved with a fatal defect. He omitted to send a required formal notice or failed in successful perfect service or delivery of that required notice with full format. This is apparently not performed at all. Mr. Rosen committed the violations of Civil Code 2966 (a) and (b), not only in "... with a certificate of mails obtained from the US Postal Service, to the trustor ..."; but also in "... to include (1) ... (4).." [0:100]

# EXHIBIT 6

Some of Factual Confirmations in Default Judgment against Defendant Ron S. Galperin

Re: CV 07-4582 CAS (CWx)

Plaintiff: Jin Rie ("Rie")
Defaulting Defendant: Ron S. Galperin ("Galperin")

1.    A few days from April 18, 2007, in Case of BC275364/BC290904 ("Rosen-Galperin Case" or "RG Case"), from his attorney, Galperin received the documents, NOTICE OF INTENTION TO MOVE FOR RESURRECTION OF BC275364 AND BC290904 AS ONE CONSOLIDATED CASE WITH DIFFERENT JUDGE FOR NEW TRIAL AND FURTHER DISCOVERY FOR NEW TRIAL WITH NEW EVIDENCES" and "MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RESURRECTION OF BC275364 AND BC290904 AS ONE CONSOLIDATED CASE WITH DIFFERENT JUDGE FOR NEW TRIAL AND FURTHER DISCOVERY FOR NEW TRIAL WITH NEW EVIDENCES; MOTION TO DEEM ADMISSION AS ADMITTED; DECLARATION OF JIN RIE IN SUPPORT THEREOF; DECLARATION OF YOUNG IM IN SUPPORT THEREOF; REQUEST FOR JUDICIAL NOTICE IN CONJUNCTION WITH MOTION FOR RESURRECTION OF BC275364 AND BC290904 AS ONE CONSOLIDATED CASE WITH DIFFERENT JUDGE FOR NEW TRIAL AND FURTHER DISCOVERY FOR NEW TRIAL WITH NEW EVIDENCES; NOTICE OF TAKING DEPOSITION OF DEFENDANT RON S. GALPERIN AND REQUEST FOR PRODUCTION OF DOCUMENTS.

2.    Afterwards, Galperin (or his attorney) did not file Opposition to the above Rie's motion.

3.    A few days from May 14, 2007, in RG Case, from his attorney, Galperin received the documents, PLAINTIFF'S REPLY IN SUPPORT OF UNOPPOSED MOTION FOR RESURRECTION OF BC275364 AND BC290904 AS ONE CONSOLIDATED CASE WITH DIFFERENT JUDGE FOR NEW TRIAL AND FURTHER DISCOVERY FOR NEW TRIAL WITH NEW EVIDENCES AND UNOPPOSED MOTION TO DEEM ADMISSION AS ADMITTED; DECLARATION OF JIN RIE IN SUPPORT THEREOF.

4.    Galperin refused to participate in the deposition scheduled on May 18, 2007 in NOTICE OF TAKING DEPOSITION OF DEFENDANT RON S. GALPERIN AND REQUEST FOR PRODUCTION OF DOCUMENTS stated in Paragraph 1.

5.    On May 21, 2007, Galperin did not show up at the hearing in RG Case.

6.    During the period from receiving the documents in Paragraph 1 to receiving the documents in Paragraph 3, in RG Case, Galperin heard that Judge Earnest Hiroshige ("Hiroshige") would deny the motion on May 21, 2007 from his attorney or Rosen or somebody in the courtroom of Hiroshige.

7.      During the above period, Galperin also heard that Galperin or his attorney would not need to show up at the hearing on May 21, 2007 from his attorney or Rosen or somebody in the courtroom of Hiroshige.

8.      During the above period, Galperin also heard that Rosen also would not show up at the hearing on May 21, 2007 from his attorney or Rosen while hearing the above statement or separately.

9.      A few days from May 29, 2007, in RG Case, from his attorney, Galperin received the documents, SUPPLEMENTAL NOTICE OF INTENTION TO MOVE FOR RESURRECTION OF BC275364 AND BC290904 AS ONE CONSOLIDATED CASE FOR NEW TRIAL AND FURTHER DISCOVERY FOR NEW TRIAL WITH NEW EVIDENCES PURSUANT TO CCP SECTION 662; SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RESURRECTION OF BC275364 AND BC290904 AS ONE CONSOLIDATED CASE FOR NEW TRIAL AND FURTHER DISCOVERY FOR NEW TRIAL WITH NEW EVIDENCES PURSUANT TO CCP SECTION 662 AND OF MOTION TO DEEM ADMISSION AS ADMITTED; DECLARATION OF JIN RIE IN SUPPORT THEREOF; DECLARATION OF YOUNG IM IN SUPPORT THEREOF.

10.     Afterwards, Galperin (or his attorney) did not file Opposition to the above Rie's motion.

11.     A few days from June 15, 2007, in RG Case, from his attorney, Galperin received the documents, PLAINTIFF'S REPLY IN SUPPORT OF UNOPPOSED MOTION FOR MOTION FOR RESURRECTION OF BC275364 AND BC290904 AS ONE CONSOLIDATED CASE FOR NEW TRIAL AND FURTHER DISCOVERY FOR NEW TRIAL WITH NEW EVIDENCES PURSUANT TO CCP SECTION 662 AND UNOPPOSED MOTION TO DEEM ADMISSION AS ADMITTED.

12.     On June 25, 2007, Galperin did not show up at the hearing in RG Case.

13.     During the period from receiving the documents in Paragraph 8 to receiving the documents in Paragraph 10, in RG Case, Galperin heard that Hiroshige would deny the motion on June 25, 2007 from his attorney or Rosen or somebody in the courtroom of Hiroshige.

14.     During the above period, Galperin also heard that Galperin or his attorney would not need to show up at the hearing on June 25, 2007 from his attorney or Rosen or somebody in the courtroom of Hiroshige.

15.     During the above period, Galperin also heard that Rosen also would not show up at the hearing on June 25, 2007 from his attorney or Rosen while hearing the above statement or separately.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## 2:CV08- 8561 SVW (JCx)

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☑) <br> JIN RIE, an individual | DEFENDANTS <br> RON S. GALPERIN, an individual dba LAW OFFICES OF RON S. GALPERIN; MARK WALTER, an individual; CORY CROSBY, an individual; and DOES 1-10, inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Jin Rie <br> 401 N. Bixel St. <br> Los Angeles, CA 90026     (213) 482-1804 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s): CV 07-04582

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☑ A. Arise from the same or closely related transactions, happenings, or events; or
        ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
        ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
        ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____*Jin Lee*_____  Date 12/24/2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims filed by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Jin Rie
401 N. Bixel St.
Los Angeles, CA 90026

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JIN RIE, an individual dba EAST WEST
INSTITUTE
                          PLAINTIFF(S)
            v.
RON S. GALPERIN, an individual dba LAW
OFFICES OF RON S. GALPERIN; MARK
WALTER, an individual; CORY CROSBY, an individual;
and DOES 1-10 inclusive,
                          DEFENDANT(S).

CASE NUMBER

CV08 08561 svw (JCx)

SUMMONS

TO:     DEFENDANT(S): _____

        A lawsuit has been filed against you.

        Within ___20___ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney, Jin Rie_____, whose address is
401 N. Bixel St., Los Angeles, CA 90026_____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

                                        Clerk, U.S. District Court

Dated: 12/29/08                         By: _____
                                            Deputy Clerk

                                            (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].

CV-01A (12/07)                          SUMMONS